UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE ANDERSON COLEMAN,

              Plaintiff,                    Case No. 1:07-cv-468

v.                                                Honorable Robert J. Jonker

V. BRADLEY et al.,

              Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Prelesnik, Gassman, Costello, Leslie, Heffelbower, Huff and Almay. Plaintiff also fails to state a claim against Defendant Bradley, with the exception of his claim of retaliation. Accordingly, the Court will serve the complaint against Defendant Bradley only with regard to Plaintiff's claim of retaliation.

**Discussion**

  I.  Factual allegations

Plaintiff is incarcerated in the Ryan Correctional Facility, but the events giving rise to Plaintiff's complaint occurred while he was incarcerated in the Richard A. Handlon Correctional Facility (MTU). In his *pro se* complaint, he sues the following MTU employees: School Teachers V. Bradley and A. Leslie; Warden John Prelesnik; Deputy Warden Mark Gassman; School Principal T. Costello; Grievance Coordinator C. Heffelbower; Assistant Deputy Warden of Housing J. Huff; and Quartermaster (unknown) Almay.

Plaintiff claims that on or about February 15, 2007, he filed a grievance against Bradley and the former school principal after Bradley gave him an improper math assignment. On February 22, 2007, Leslie reviewed Plaintiff's Step I grievance. Plaintiff claims that it was a violation of the Michigan Department of Corrections Grievance Policy for Leslie to review his grievance because the policy requires that a grievance be reviewed by the supervisor of the person being grieved. When Plaintiff grieved the matter, Grievance Coordinator Heffelbower, responded that while the Step I respondent typically is the supervisor of the person bring grieved, it was within the discretion of the grievance coordinator to determine the best person to respond to a grievance.

A week or two after he wrote the grievance against Bradley, Plaintiff alleges that Bradley wrote two false, negative school reports and a minor misconduct charge against him in retaliation for filing the grievance. As a result of Bradley's conduct, Plaintiff was removed from school and placed on unemployable status for thirty days. MICH. DEP'T. OF CORR., Policy Directive 05.01.100(Y). Unemployable prisoners are not permitted to participate in more leisure time activities than those who work or attend school full-time. Policy Directive 05.01.100(AA). Plaintiff

claims that during that thirty-day period, he was confined to his cell from noon to midnight. According to Plaintiff, the minor misconduct charge ultimately was dismissed because it could not be substantiated.

Plaintiff contends that Bradley retaliated against him for filing a grievance against her in violation of his First Amendment rights. He further claims that his placement of unemployable status violated his Eighth Amendment right against cruel and unusual punishment. Plaintiff further asserts that Defendants Leslie, Prelesnik, Gassman, Costello and Huff, Heffelbower and Almay "conspired in a fraudulent act to cover up the corruption at M.T.U." (Compl., at 5, docket #1)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Placement on Unemployable Status**

Plaintiff claims that he was improperly removed from his school assignment and placed on unemployable status for thirty days. As an initial matter, Plaintiff does not have a

federally cognizable liberty interest in participating in educational programs while in prison. *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). Likewise, Plaintiff was not entitled to due process before being placed on unemployable status.

To determine whether Plaintiff's confinement involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if it imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The Sixth Circuit repeatedly has found that confinement to administrative segregation, which is considerably more restrictive than unemployable status, does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 910, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery). Likewise, the Sixth Circuit has held that a prisoner's confinement to his cell on weekdays while other prisoners work or attend school does not constitute an atypical or significant hardship. *See Ingram v. Harry*, 97 F. App'x 20, 21 (6th Cir. 2004). Accordingly, Plaintiff fails to state a claim under the Due Process Clause.

Plaintiff also contends that being confined to his cell from noon to midnight for thirty

days violated his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff's claim clearly does not rise to the level of an Eighth Amendment violation. The federal courts have held that similar and even longer periods of cell confinement do not violate the Eighth Amendment. *See, e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoner's confinement to his cell for 23 hours per day, Monday through Friday, did not violate the Eighth Amendment); *Figueroa v. Dinitto*, 52 F. App'x 522, 523 (1st Cir. 2002) (confining prisoner to cell with another prisoner for 23-24 hours a day, without opportunity to work or participate in educational, vocational, or rehabilitation programs did not constitute "extreme deprivation" that might violate Eighth Amendment, even if prisoner had not committed disciplinary infractions while imprisoned in state); *Smith v. Romer*, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (confinement to a cell for twenty-three hours a day does not necessarily amount to a constitutional violation); *Smith v. Beatty*, No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996) (confining

prisoners to a small cell 23 hours a day under lockdown conditions does not violate the Eighth Amendment, absent other aggravating conditions, such as overcrowding).

B. **Violation of Grievance Policy**

Plaintiff further claims that Defendants Leslie and Heffelbower violated the MDOC Grievance Policy when Leslie reviewed his Step I grievance against Defendant Bradley. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. Because Plaintiff has no liberty interest in the grievance process, Defendants' alleged conduct could not deprive him of due process.

Moreover, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise

supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).

      C.    **Conspiracy**

Plaintiff claims that Defendants Leslie, Prelesnik, Gassman, Costello, Huff, Heffelbower and Almay "conspired in a fraudulent act to cover up the corruption at M.T.U." (Compl., at 5.) To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim under § 1985. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy are vague, conclusory and speculative. Therefore, he fails to state a claim for conspiracy.

      D.    **Retaliation**

Plaintiff claims that Defendant Bradley retaliated against him for filing a grievance against her by writing two false, negative school reports and a minor misconduct against him. As a result of her conduct, he was removed from school and placed on unemployable status for a period of thirty days. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates

the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). At this stage of the proceedings, Plaintiff's allegations are sufficient to state a retaliation claim against Defendant Bradley.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Prelesnik, Gassman, Costello, Heffelbower, Leslie, Huff and Almay will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendant Bradley also will be dismissed, with the exception of his claim of retaliation. The Court will serve the complaint against Defendant Bradley only with regard to Plaintiff's claim of retaliation.

An Order consistent with this Opinion will be entered.


Dated:     August 27, 2007            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE