UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE ANDERSON COLEMAN,

    Plaintiff,

v.

Case No. 1:07-cv-468

Hon. Robert J. Jonker

V. BRADLEY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant's motion for summary judgment (docket no. 16).

**I.**    **Plaintiff's claim**

Plaintiff filed his action on May 8, 2007, in the Federal District Court for the Eastern District of Michigan. The action was transferred to this court on May 17, 2007. Plaintiff alleges that defendant Vicki Bradley, a teacher at the Richard A. Handlon Correctional Facility (MTU), retaliated against him because he filed a grievance against her. Plaintiff sets forth his claim as follows (in his words):

> I filed a grievance on school principal and I filed a grievance on school teacher both grievance's was put together as one grievance and was given the same grievance identifier number MTU070200181029a. After I filed the grievance, I received two bad school reports and a minor ticket from Ms. Bradley, in retaliation of I grievance I filed on her and was removed from school placed on 30 days unemployable status from 12 noon to 12 midnight.

Compl. at § II. The complaint includes as attachments duplicate copies of two documents entitled "prisoner program and work assignment evaluation," a copy of a "minor misconduct violation and

hearing report," and copies of three grievances filed by plaintiff.

The first prisoner evaluation (referred to as the "1st work report"), signed by defendant Bradley and dated February 21, 2007, includes the following comments and recommendations:

> 2-15-07 . . . Coleman stated he had quit Mr. Shrum's math class. As result, we began working with his math - with his other GED rep. areas in my class. (Math is his weakest area.) 2-20-07 Mr. Shrum stated Coleman did not quit his class. - This means he was lying to an employee - Me. Mr. Shrum also said Coleman wanted to quit my class. Coleman seems manipulative. If he wants to continue, he needs to work on motivation & honesty.

The second prisoner evaluation (referred to as the "2nd report" or "2nd work report") dated February 26, 2007, was also signed by defendant, and includes the following comments and recommendations:

> 2-22-07 . . . Coleman reported almost 1 hr. late for class, which starts at 0725. He stated he had store. However, when I checked Ms. Almay (Q. master), she stated C unit store completed by 715. She also stated when Coleman came to see her [at] 0820 before reporting late to class, she told him he was too late for store. (2 other inmates from C unit also stated store was over 0715.) 2-23-07 . . . Coleman again reported late for class. He stated he had overslept. He has been late numerous other times for no legitimate reasons. Please remove. (Minor ticket also written 2/26/07)

The attached copy of the minor misconduct violation and hearing report supplied by plaintiff is illegible.

In addition, plaintiff has attached copies of three grievances. Grievance MTU 07020081029a, was purportedly filed by plaintiff on February 15, 2007 and was received by the Michigan Department of Corrections (MDOC) on February 20, 2007. This grievance was directed at the prison school's principal and stated in pertinent part as follows:

> I'm writing this grievance in violation of 03.03.130 on school [principal] for racial discrimination based on personal prejudices as to race. I've completed Ms. Bradley A.B.E. course & Pre test, plus post-test and now I'm being forced to take Math

instead in Ms. Bradley's class, I'm already in a math class second hour so now I'm in two math classes studying the same subject. That's a violation of the 8th amendment to cruel and unusual punishment. The federal civil rights act is violated when a person [intentionally] discriminated [sic] against because of race, religion and age. 42 U.S.C.A. § 1983. I'm being discriminated for not being able to further my education. Policy 03.03.130 also speaks about discrimination on pg 3 section M.[1]

A second grievance, MTU070200220027b, was purportedly filed by plaintiff on February 22, 2007 and was received by the MDOC on February 27, 2007. This grievance was directed at another teacher in the prison school, Ms. Leslie (not a defendant), and stated in pertinent part as follows:

> I'm writing this grievance on A. Leslie. On 2-22-07 she called me to her classroom to talk to me about a grievance I filed on Ms. Bradley. According to Policy 03.02.130 the respondent to a grievance shall be the supervisor of the person grieved. This is staff corruption and a conflict of injustice [sic] for a fellow employee to hear & respond to a grievance that was wrote on a fellow [co-worker].

A third grievance, MTU070200221002b, was purportedly filed by plaintiff on February 27, 2007 and was received by the MDOC on February 28, 2007. This grievance was directed at defendant Bradley and stated in pertinent part as follows:

> I'm writing this grievance on Ms. Bradley for violation of 03.02.130 pg 2 K[.] A grievant shall not be penalized in any way filing a grievance. Staff shall avoid any action that gives the appearance of reprisal for using the grievance process. V. Bradley . . . wrote me two bad program work reports & a minor misconduct for the purpose of having me removed from school. In retaliation of grievance I filed on her that was received by grievance coordinator 2-20-07. . .

Plaintiff filed the present action on May 14, 2007. He seeks $100,000.00 of

---

[1]Actually, plaintiff has submitted only part of this grievance form. He leaves out the second page in which the principal responds by pointing out that Ms. Bradley does not even teach math.
Indeed, the grievance was reviewed by the warden, who determined that plaintiff had yet to complete either his math class (taught by a Mr. Shrum) or Ms. Bradley's class, which was not a math class. In addition, plaintiff had been untruthful in telling Ms. Bradley he had quit Mr. Shrum's class. The warden's response was subsequently upheld at a higher level.

compensatory damages, $50,000.00 of punitive damages, and removal of the bad school reports and the minor ticket from his prison file. Compl. at § III. In another claim for relief, plaintiff seeks $1,000.00 of compensatory damages, $1,000.00 of punitive damages, and removal of the bad school reports and the minor ticket from his prison file. *Id.* Plaintiff also seeks removal of a "major ticket" from his prison file; however, he fails to identify this ticket in his complaint. *Id.*

## II.     Standard of review

Defendant has moved for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b). Summary judgment is appropriate under Rule 56(b) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, -- U.S. --, 127 S. Ct. 1774, 1776 (2007).

### III.    Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff alleges that Bradley retaliated against him by submitting false reports regarding his actions at the school and a false minor misconduct ticket. To prove a First Amendment retaliation claim, plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To demonstrate causation element of a retaliation claim, "the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith*, 250 F. 3d at 1037, *citing Mount Health City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). "If the plaintiff is able to make such a showing, the defendant has the burden of showing that the same action would have

5

been taken absent the plaintiff's protected conduct." *Id.* If defendant can show that she would have taken the same action in the absence of the protected activity, then she is entitled to prevail on summary judgment. *Thaddeus-X*, 175 F.3d at 399.

Defendant contends that the third element of a retaliation claim, causation, is lacking. The court agrees. Contrary to his allegations, there is no evidence that plaintiff directed a grievance against defendant Bradley prior to the adverse action taken against him. Neither party has provided a copy of a grievance directed at Ms. Bradley (other than the third grievance plaintiff filed on February 27, 2008, *infra*). In plaintiff's first grievance, MTU 070218129a, he complained that the school principal, not defendant Bradley, committed race discrimination and inflicted cruel and unusual punishment by forcing him to take two math classes. While plaintiff filed a grievance against Ms. Leslie on February 22, 2007 for wanting to discuss "a grievance I filed on Ms. Bradley," there is no record to support plaintiff's characterization of Grievance MTU 070218129a as being directed against defendant Bradley, nor any record of the other grievance alleged.

In plaintiff's Step II appeal of Grievance MTU 070218129a, dated March 13, 2007 (approximately two weeks after plaintiff raised the retaliation claim against defendant Bradley), plaintiff contends that he filed grievances against both the school principal and Bradley and that "both grievances was combined." Exh. 2 attached to defendant's brief. When this appeal was denied, plaintiff alleged in his Step III appeal of grievance MTU 070218129a that "those people [i.e., MDOC employees] gave two different grievances the same identifier number and threw one of my grievances away to cover up the staff [corruption] at M.T.U." *Id.*

Plaintiff attempts to explain the background of the grievances in an unsigned and un-notarized document dated December 20, 2007, entitled "Affidavit of George Coleman #507047."

*See* Exh. 9 attached to plaintiff's response. In this document, plaintiff states that he "filed a grievance on school principal Robert Christensen for racial discrimination on 2-15-07," that he "also filed a grievance on school teacher Vicki Bradley for forcing plaintiff to take a second math class," and that "[i]n retaliation I received two fraudulent school evaluation reports and a fraudulent minor misconduct charge." *Id.* This unsigned paper clearly fails to qualify as an affidavit in opposition to a motion for summary judgment pursuant to Fed. R. Civ. P. 56(e).

In addition, plaintiff submitted a document which he identifies as a copy of the separate February 15, 2007 grievance filed against defendant Bradley and which he claims was combined with Grievance MTU 070218129a. *See* Exh. 3 attached to plaintiff's response. However, this latter document is not a copy of a separate grievance filed against defendant Bradley, but is only the MDOC's receipt for grievance MTU 070218129a which notes the subject matter of the grievance as "being in 2 math classes." *Id.* Plaintiff has failed to demonstrate that he filed a separate grievance defendant Bradley that the prison staff destroyed. The record reflects that plaintiff filed a single grievance against the school principal for racial discrimination because he thought it was "cruel and unusual punishment" to have to attend two math classes (even though this never occurred). Although defendant Bradley was mentioned in the grievance, the grievance clearly named the principal as the respondent, not her. Indeed, it does not appear plaintiff has ever made a claim of racial discrimination against Bradley, which only serves to reinforce the conclusion that this grievance was directed solely to the principal.

However, even if plaintiff had filed a grievance against defendant Bradley, he cannot prevail on the retaliation claim. Defendant Bradley's uncontroverted affidavit establishes that she was unaware of the existence of grievance MTU 0702018129a until she was served with the

7

summons and complaint in this action, much less read it or participated in the grievance process regarding it. Vicki Bradley Affidavit at ¶ 3, 12, attached as Exh. 4 to defendant's brief.

Moreover, defendant Bradley had legitimate grounds to discipline plaintiff regardless of any grievances. Defendant explains that the school discipline process has three steps: 1) verbal warning; 2) 1st work report (30-day probation); and, 3) 2nd work report (removal from school). *Id.* at ¶ 6. Defendant issued plaintiff the 1st work report on February 21, 2007, and the 2nd work report on February 26, 2007. *Id.* at ¶¶ 7-8. In the 2nd work report, defendant requested that plaintiff be removed from the class due to his repeated tardiness, in accordance with the school rules. Plaintiff previously had numerous tardies for no good reason and had received verbal warnings. *Id.* at ¶¶ 8, 11. On February 26th, defendant also issued plaintiff a minor misconduct ticket for being out of place and lying to an employee. *Id.* at ¶ 13. This arose from the incident on February 22nd, when plaintiff was almost one hour late for school. *Id.* Plaintiff did not issue the minor misconduct ticket immediately after the occurrence because she was investigating the incidents to ensure that a ticket was appropriate. *Id.* Defendant submitted both the 2nd work report and the minor ticket to the principal on February 26th. *Id.* (It was not until the next day that plaintiff filed grievance MTU 07-02-221-02b, claiming that defendant Bradley gave him "two bad program & work reports & a minor misconduct" in retaliation for filing the grievance "that was received by the grievance coordinator 2-20-07.")

Viewing the evidence in the light most favorable to the non-moving party, the court concludes that defendant did not take an adverse action against plaintiff based upon a grievance filed against her. Grievance MTU 070218129a was directed at the school principal alleging racial discrimination. The undisputed evidence establishes that defendant Bradley was not aware of this

grievance when she issued the 1st work report, 2nd work report or minor misconduct ticket. Defendant has demonstrated that there is no genuine issue of fact that she issued the two work reports and the ticket to plaintiff, based upon his behavior. Defendant's affidavit and the MDOC records indicate that plaintiff was removed from school due to his excessive tardiness and deceitfulness, reasons unrelated to the claims raised in grievance MTU 070218129a, and perfectly legitimate ones in light of the state's limited resources and plaintiff's obvious lack of interest in attending classes. Accordingly, defendant's motion for summary judgment should be granted.

### IV.  RECOMMENDATION

I respectfully recommend that defendant's motion for summary judgment (docket no. 16) be **GRANTED**.

Dated: July 31, 2008                     /s/ Hugh W. Brenneman, Jr.
                                         HUGH W. BRENNEMAN, JR.
                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).