UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE ANDERSON COLEMAN,

        Plaintiff,

Case No. 1:07-cv-468

Hon. Robert J. Jonker

vs.

V. BRADLEY, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action, alleging retaliation by defendant Bradley, a teacher at Michigan Department of Corrections facility. On July 31, 2008, the undersigned recommended the dismissal of this action. *See* Report and Recommendation (docket no. 36). This matter is now before the court on plaintiff's ex parte letter which has been docketed as a motion for a temporary restraining order (docket no. 35).[1]

    **I.**    **Discussion**

In the last sentence of a letter addressed to the Court Clerk, plaintiff states that he needs "a restraining order place[d] on Units Officers in L-Unit McBryde, Warner, Eicher and ARUS Weisinger and also the Warden for dereliction of duty." None of these individuals are defendants in this action.

---

[1] As an initial matter, this "letter motion" is not properly before the court. The "motion" violates W.D. Mich. LCivR 7.1(a) because it does not include a supporting brief and was submitted in the form of a letter. However, in the interests of judicial economy, the court will address plaintiff's claim for injunctive relief at this time.

The requirements for issuance of a TRO are set forth in Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Here, plaintiff is not entitled to any relief on his ex parte "letter motion." He has failed to present an affidavit or verified complaint containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result" to him "before the adverse party can be heard in opposition" pursuant to Fed. R. Civ. P. 65(b)(1)(A). Specifically, plaintiff's request for a "restraining order" against these five individuals for "dereliction of duty" is vague, conclusory and unsupported by any factual basis. "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Plaintiff's status as a pro se litigant does not excuse him from these procedural requirements. A pro se litigant is not entitled to special consideration with respect to straightforward procedural

3

requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991). Accordingly, plaintiff's request for a TRO should be denied.

### II.     Recommendation

For these reasons, I respectfully recommend that plaintiff's ex parte motion for a TRO (docket no. 35) be **DENIED**.


Dated:  August 13, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).