UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGE ANDERSON COLEMAN,

        Plaintiff,

                                           CASE NO. 1:07-CV-468

v.

                                           HON. ROBERT J. JONKER

VICKI BRADLEY, *et al.*,

        Defendants.

_____/


**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

       The Court has reviewed Magistrate Judge Brenneman's first Report and Recommendation in this matter (docket # 36) and Plaintiff Coleman's Objections to the Report and Recommendation (docket # 38).

       Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation (docket # 36) recommends granting summary judgment to Defendant Vicki Bradley.  Mr. Coleman alleges that after he filed a grievance against Ms. Bradley, she retaliated against him by submitting false reports about his behavior at school and giving him an unjustified minor misconduct ticket.  (Compl., docket # 1, at 4.)  He claims that this purported retaliation violated his constitutional rights.

To prove a First Amendment retaliation claim a plaintiff must establish, among other things, that the defendant took an adverse action against him at least in part because of his exercise of protected conduct.  *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).  *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*).  The Report and Recommendation correctly points out that there is no evidence that Mr. Coleman filed a grievance against Ms. Bradley before she took adverse action.  (Report and Recommendation, docket # 36, at 6.)  Ms. Bradley's affidavit reflects that Mr. Coleman did not file a grievance against her until February 28, 2007, while she wrote the negative school reports and minor misconduct on February 21, 2007, and February 26, 2007.  (Brief in Supp. of Def. Bradley's Mot. for Summ. J., docket # 17, Ex. 4, ¶¶ 7, 13.)  Given this chronology, Mr. Coleman's exercise of protected conduct, filing the grievance, could not have

2

caused Ms. Bradley to take the adverse action, issuing the negative school reports and minor misconduct ticket.

Mr. Coleman raises three objections to the Report and Recommendation.  First, he asserts that he filed two grievances (one against the principal, and one against Ms. Bradley) that were given the same identification number and that the grievance against Ms. Bradley "was displaced by prison staff to cover up corruption."  (Objections to Report and Recommendation, docket # 38, at 1.)  Mr. Coleman raised the same claim in his complaint.  (Compl., docket # 1, at 4.)  The Report and Recommendation correctly notes that the record contains no evidence to support this assertion.  (*See* Report and Recommendation, docket # 36, at 6-7.)  Nor does Mr. Coleman provide support for the claim in his objection.

Mr. Coleman's second objection states that Ms. Bradley gave him negative school reports because of the second grievance (allegedly given the same identification number as the first and then concealed by prison staff).  (Objections to Report and Recommendation, docket # 38, at 1-2.)  Mr. Coleman also raised this claim in his complaint.  (Compl., docket # 1, at 4.)  It too lacks any support in the record, and the Magistrate Judge properly rejected the claim.  (*See* Report and Recommendation, docket # 36, at 6-7.)

Mr. Coleman's final objection speculates that Ms. Bradley learned through e-mail correspondence that he had filed a grievance against her and that she retaliated through the negative school reports and minor misconduct ticket.  (Objection, docket # 38, at 2-3.)  There is simply no evidence in the record to support this speculative claim.  Mr. Coleman requests that the Court have the prison warden produce electronic data, to substantiate his assertion concerning e-mail correspondence.  The Court has no basis on which to grant this request and will not do so.

3

The Magistrate Judge correctly determined that Ms. Bradley is entitled to summary judgment in this matter, and Mr. Coleman's objections do not support a different conclusion.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 36) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Vicki Bradley's Motion for Summary Judgment (docket # 16) is **GRANTED**.

Dated:   February 23, 2009          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE